**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEIVI ALEJANDRO PINEDA CORONIL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-06124-JLT-EPG<br><br>A-Number: 245-575-547<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1.) |

Deivi Alejandro Pineda Coronil is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela. (Doc. 1 at 5; Doc. 8-1 at 2.) Petitioner entered the United States without inspection on September 10, 2023, where he was encountered by U.S. Border Patrol. (Doc. 8-1 at 2.) Petitioner was issued a Notice to Appear and charged pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 8-2 at 1.) Petitioner was then subsequently released from custody.

On June 9, 2025, Petitioner was convicted of the offense of never obtaining a driver's license, for which he was ordered to pay a fine. (Doc. 8-1 at 2.) That same day, Petitioner filed an application for withholding of removal. (*Id.*) On March 4, 2026, Petitioner was convicted of driving without insurance, 2nd or subsequent offense within 3 years, for which he was ordered to pay a fine. (*Id.*) On June 30, 2026, Petitioner was again convicted of the offense of never obtaining a driver's license, motor vehicle lamp violation, and for operating vehicle without insurance, for which he was ordered to pay a fine. (*Id.*) On July 17, 2026, Petitioner was taken into ICE custody pending from removal pursuant to a Form I-200 Warrant of Arrest. (Doc. 8-3.) Petitioner remains in custody at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On August 3, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1.) On July 6, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is governed by at 8 U.S.C. § 1225(b)(2)(A). (*See generally*, Doc. 8.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24,

2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. The Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be

recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 3, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE