**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEIVI ALEJANDRO PINEDA CORONIL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-06124-JLT-EPG<br><br>ORDER GRANTING PETITIONER'S MOTION TO ENFORCE JUDGEMENT; ORDER DENYING PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION AS MOOT; AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>(Docs. 11, 15) |

On September 3, 2026, this Court entered judgment on Deivi Alejandro Pineda Coronil's petition for a writ of habeas corpus. (Doc. 9.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents are to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community by no later than September 17, 2026. (*Id*. at 3.) Respondents concede that a bond hearing was not scheduled within the timeframe provided by the Court. (Doc. 12.) As a result, Petitioner has been detained for over three months without a bond hearing. Because Respondents failed to comply with this Court's order, the Court finds the appropriate remedy to be immediate release. *See Rodriguez Bustillo v. Andrews*, No. 1:26-cv-05737-DJC-AC, 2026 WL 2225717, at *1 (E.D. Cal. Aug. 3, 2026) (explaining that a delay in providing a bond hearing "violates Petitioner's due process rights and justifies release.") For the foregoing reasons, the

Court **ORDERS:**

1. The motion to enforce order (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**. Respondents shall file a certification with this Court confirming that Petitioner has been released from custody.
2. The motion for expedited consideration (Doc. 15) is **DENIED as moot**.
3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];
4. The Clerk of Court is directed to California City Detention Facility in California City, California, with a copy of this Order.
5. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated: November 6, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.